**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TIFFANY D. LANG** | : | |
| **Plaintiff,** | : | **C.A.** |
| | : | |
| **VS.** | : | CA 06 408 S |
| | : | |
| **WILMINGTON FINANCE** | : | |
| **A DIVISION OF AIG FEDERAL** | : | |
| **SAVINGS BANK** | : | |
| **Defendant,** | : | |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Wilmington Finance, a Division of AIG Federal Savings Bank ( hereinafter Wilmington Finance) for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Tiffany D. Lang is a co-owner with her brother John P. Lang of the subject property located at 78 Dexter Rd., North Scituate, RI 02857. Ms. Lang resides at 490 Rocky Hill Rd., North Scituate, RI 02857.

5. Defendant Wilmington Finance is a division of AIG Federal Savings Bank with main offices in 401 Plymouth Road, Suite 400, Plymouth Meeting, PA 19462.

6. Wilmington Finance enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Wilmington Finance is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Wilmington Finance is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about November 8, 2005 Plaintiff's brother, John Lang obtained a loan from Wilmington Finance, secured by the residence owned by him and Plaintiff Jennifer D. Lang, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Tiffany D. Lang signed the following documents:

1. A note in the principal amount of $220,000;
2. A mortgage;

3. A Truth in Lending statement;

4. A notices of right to cancel; and

5. A HUD-1 Settlement Statement.

11. Though Plaintiff Tiffany D. Lang was a joint owner of the subject property and granted Wilmington Finance a security interest in said property, she received none of the material disclosures required by the TILA, including but not limited to, her own notices of right to cancel.

12. The refinance transaction consummated on or about November 8, 2005 was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> > **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> > **(2) The consumer's right to rescind the transaction.**
> > **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> > **(4) The effects of rescission, as described in paragraph (d) of this section.**
> > **(5) The date the rescission period expires. . . .**
>
> **(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**
>
> > **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
> > **(2) A credit plan in which a state agency is a creditor.**

13. On or about July 17, 2006 Plaintiff Tiffany D. Lang exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Wilmington Finance. A Copy of the notice is attached as <u>Exhibit A</u>.

14. In a letter dated August 22, 2006, attached as <u>Exhibit B</u>, Wilmington Finance denied the Plaintiff's request to rescind the mortgage.

**COUNT I - TRUTH IN LENDING ACT**

15. Plaintiff incorporates ¶¶ 1-14 as if fully set out herein.

16. By failing to deliver material disclosures, Wilmington Finance failed to give Plaintiff

Lang clear and conspicuous notice of her **"Consumer's right to rescind"** in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, she is entitled to rescind the mortgage.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

18. The failure to recognize the Plaintiff's Right to Rescind is a separate violation of TILA entitling Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Wilmington Finance as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs;
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre