UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TIFFANY D. LANG<br>Plaintiff<br><br>vs.<br><br>WILMINGTON FINANCE A DIVISION<br>OF AIG FEDERAL SAVINGS BANK<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-408S |

DEFENDANT'S ANSWER

Defendant, Wilmington Finance, Inc., as Assignee of Wilmington Finance, a division of AIG Federal Savings Bank, hereby answers the plaintiff's Complaint as follows:

1. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

2. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

3. Admitted that the defendant does business in this district. Otherwise, the defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to the balance of the allegations contained in this paragraph, then the allegations contained in it are denied.

4. This defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

5. Admitted that Wilmington Finance was a division of AIG Federal Savings Bank at the time the loan which is the subject of this Complaint was made. Otherwise denied.

6. Denied as to Wilmington Finance and admitted as to AIG Federal Savings

Bank at the time the loan, which is the subject of this Complaint, was made.

7. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

8. Denied.

9. Admitted that the plaintiff's brother obtained a loan from Wilmington Finance, a division of AIG Federal Savings Bank on or about November 8, 2005. Denied that the plaintiff executed the Note and denied that the loan was secured by their principal residence. Otherwise, the defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

10. Admitted that the plaintiff signed, among other documents, the documents listed in this paragraph as subparagraphs 2, 3 and 4. Denied that the plaintiff signed the document listed in this paragraph as subparagraph 1. As to the document listed in this paragraph as subparagraph 5, this defendant is without sufficient information to either admit or deny that the plaintiff signed it.

11. Denied.

12. Admitted that the transaction was subject to the right to cancel by the borrower. Otherwise, the defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied. Further answering, the defendant asserts that 12 C.F.R. §226.23 speaks for itself.

13. Admitted that a notice of rescission was sent to Wilmington Finance, a division of AIG Federal Savings Bank. Otherwise, denied.

14. Denied.

15. The defendant hereby incorporates its answers to paragraphs 1 through 14, above, as if set forth in full herein.

16. Denied.

17. The defendant makes no answer to the allegations contained in this paragraph insofar as said paragraph states conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to this paragraph, then the allegations contained in it are denied.

18. Denied.

FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a cause of action under 15 U.S.C. §1635 and §1640.

SECOND AFFIRMATIVE DEFENSE

The defendant affirmatively pleads the statute of limitations as a bar to the within action.

THIRD AFFIRMATIVE DEFENSE

The defendant affirmatively pleads estoppel as a bar to the within action.

FOURTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads laches as a bar to the within action.

FIFTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that if any violation of the Truth in Lending Act occurred in connection with the subject transaction, it was unintentional and the result of a bona fide error.

EIGHTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff has failed to comply with the conditions precedent to maintain this action and it is, therefore, barred.

TENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff's failure and inability to refund to the defendant the loan proceeds advanced is a bar to this action.

ELEVENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff's cause of action under 15 U.S.C. §1635 and §1640 is barred because she is not a signatory to the Note which is the subject of this Complaint.

TWELFTH AFFIMATIVE DEFENSE

The defendant affirmatively pleads that the plaintiff's cause of action under

15 U.S.C. §1635 and §1640 is barred because the property in which the security interest was retained for the loan which is the subject of this Complaint, was not the plaintiff's principal dwelling.

THIRTEENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads failure to join a necessary party.

FOURTEENTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads failure to join an indispensable party.

WHEREFORE, defendant Wilmington Finance, Inc. as Assignee of Wilmington Finance, a division of AIG Federal Savings Bank, demands that the plaintiff's Complaint be dismissed and that the defendant be awarded its costs related thereto.

WILMINGTON FINANCE, INC., as
Assignee of WILMINGTON FINANCE,
A DIVISION OF AIG FEDERAL
SAVINGS BANK
By its Attorneys,
CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

**THE DEFENDANT HEREBY
DEMANDS TRIAL BY JURY**

CERTIFICATION

I hereby certify that on November 15, 2006, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Christopher M. Lefebvre, Esq., Clbankrupt@aol.com, will receive notice through the ECF system.

/s/Patricia A. Buckley