**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TIFFANY D. LANG** | : | |
| **Plaintiff,** | : | **C.A. 06-408 S** |
| | : | |
| **VS.** | : | |
| | : | |
| **WILMINGTON FINANCE** | : | |
| **A DIVISION OF AIG FEDERAL** | : | |
| **SAVINGS BANK** | : | |
| **Defendant,** | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

This action seeks redress against a mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. Plaintiff Tiffany D. Lang is a co-owner with her brother John P. Lang of the subject property located at 78 Dexter Rd., North Scituate, RI 02857. Ms. Lang resides at 490 Rocky Hill Rd., North Scituate, RI 02857. On or about November 8, 2005 Plaintiff's brother, John Lang obtained a loan from Wilmington Finance, secured by the residence owned by him and Plaintiff Jennifer D. Lang, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes. In connection with the transaction, Plaintiff Tiffany D. Lang signed the following documents: a note in the principal amount of $220,000; a mortgage; a Truth in Lending statement; a notices of right to cancel; and a HUD-1 Settlement Statement.

Though Plaintiff Tiffany D. Lang was a joint owner of the subject property and granted Wilmington Finance a security interest in said property, she received none of the material

disclosures required by the TILA, including but not limited to, her own notices of right to cancel. Therefore, on or about July 17, 2006 the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Wilmington Finance. The Defendant responded to said notice of rescission by denying Ms. Lang her request to rescind the mortgage. The instant lawsuit to enforce rescission of the loan was filed shortly thereafter.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Most importantly for this case, however, TILA establishes a statutory right of rescission whenever a mortgage loan is given on a borrower's principal dwelling which extends until "midnight of the third business day following consummation [of the loan], delivery of the notice [of the right to rescind], or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a)(3). Under TILA regulations, a creditor is required to "deliver two copies of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "clearly and conspicuously" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 (U.S.D.C., N.D.Ill. 1999).

Especially in the area of mortgage loans on home residences:

> Courts have imposed a standard of strict liability under the TILA where a lender has violated any of its provisions. *See, e.g.*, Griggs v. Provident Consumer Discount Co., 680 F.2d 927, 930 (3d Cir.1982) ("[The TILA] mandates the disclosure of certain information in financing agreements and enforces that mandate by 'a system of strict liability in favor of consumers who have secured financing when [the] standard[s][are] not met.' ") (quoting Thomka v. A.Z. Chevrolet, 619 F.2d 246, 248 (3d Cir.1980); 15 U.S.C. §§ 1640(a)). Courts impose such strict liability even where such violations are "merely technical" or "minor." *See*, *e.g.*, Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir.1983); Jenkins v. Landmark Mortgage Corp., 696 F.Supp. 1089, 1095 (W.D.Va.1988); Solis v. Fidelity Consumer Discount Co., 58 B.R. 983, 986 (E.D.Pa.1986). For example, failure to fill in the expiration date of the rescission form violates the TILA and entitles the borrower to retain the right to rescind the transaction. *See, e.g., Williamson v. Lafferty,* 698 F.2d 767, 768-69 (5th Cir.1983); Mayfield v. Vanguard Savings & Loan Association, 710 F.Supp. 143, 145-46 (E.D.Pa.1989); Aquino v. Public Finance Consumer Discount Co., 606 F.Supp. 504, 507 (E.D.Pa.1985). New Maine Nat. Bank v. Gendron, 780 F.Supp. 52, 57 (D.Me.1991).

In re Rodrigues, 278 B.R. 683, 688 (Bkrtcy.D.R.I. 2002).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093

(W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiff to prevail, she need only convince the jury that she left the closing with no copies of the right to cancel. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiff received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiff and probably via the testimony of the closing agent . Plaintiff seeks absolute rescission of her loan, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/Christopher M. Lefebvre, # 4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION OF SERVICE**

I hereby certify that on January 5, 2007, I electronically filed a Plaintiffs' Pretrial Conference Statement with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Patricia A. Buckley at Carroll, Kelly & Murphy,

/s/Christopher M. Lefebvre